**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000343
16-MAY-2014
08:36 AM**

NO. CAAP-11-0000343

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BISMARK MORTGAGE COMPANY, LLC, Plaintiff-Appellee,
v.
LISA U. PAI and MICHAEL P. PAI, Defendants-Appellants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-304)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

This appeal arises from a complaint for foreclosure filed by Plaintiff-Appellee Bismark Mortgage Company, LLC (Bismark), in which Bismark alleged an outstanding balance due on a promissory note executed by Defendants-Appellants Lisa U. Pai and Michael P. Pai (the Pais). The promissory note was secured by a mortgage on property located in Pahoa, Hawaii (the Property).

The Pais filed notices of appeal seeking to appeal from three series of orders[1] entered in the Circuit Court of the Third

---

[1] In their initial notice of appeal, filed on April 15, 2011, the Pais seek to appeal from the following orders and judgment issued on March 16, 2011: (1) the "Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Sale, Directing Distribution of Proceeds, for Writ of Possession and for Disposal of Personal Property"; (2) "Judgment"; (3) "Notice of Entry of Judgment"; and (4) "Writ of Possession."

In their "First Amended Notice of Appeal," filed on April 27, 2011, the Pais seek to additionally appeal the "Order (1) Denying Defendants' Oral Motion to Stay Confirmation of Sale and (2) Re-scheduling filing Deadlines and Hearing Date on Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Lisa

(continued...)

Circuit (circuit court).[2]

The Pais' opening brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 for a variety of reasons, including that: the brief fails to provide any record citation in support of any asserted facts; and with regard to their points of error, the Pais fail to clearly set forth their points of error and fail to state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." HRAP Rule 28(b)(3) and (4)(iii). Notwithstanding these violations, we address the Pais' appeal as set forth below.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant authorities, we dismiss this appeal because the Pais lack standing.

## I.   Procedural Background

On September 24, 2008, Bismark initiated foreclosure proceedings against the Pais after the Pais defaulted on their mortgage payments. Almost a year later, on September 8, 2009, the parties entered into a Settlement and Release Agreement (Settlement Agreement) wherein Bismark agreed to accept $60,000 for full satisfaction of the mortgage if paid on or before November 25, 2009 and the Pais agreed to release all previously asserted claims against Bismark and to stipulate to dismiss their counterclaims and third-party complaints. The parties stipulated

---

[1] (...continued)
U. Pai's and Michael P. Pai's Motion to Set Aside Stipulated Settlement of the Parties and to Permit Amended Answer and Amended Third Party Complaint," filed in the circuit court on March 29, 2011.

In their "Second Amended Notice of Appeal," filed on June 7, 2011, the Pais seek to additionally appeal the "Order Denying (1) Defendants' Oral Motion to Continue Hearing, (2) Defendants/Counterclaim Plaintiffs/Third Party Plaintiffs Lisa U. Pai and Michael P. Pai's Motion to Set Aside Stipulated Settlement of the Parties and to Permit Amended Answer and Amended Third Party Complaint, filed February 15, 2011, and (3) Third-Party Defendant C. Randall Church's Oral Motion for Award of Attorneys' Fees and Costs," filed in the circuit court on May 9, 2011.

[2]   The Honorable Glenn S. Hara presiding.

2

to dismiss the Pais' counterclaims and third-party claims on September 10, 2009.

When the Pais failed to comply with the Settlement Agreement, Bismark proceeded with the foreclosure of the Property. On May 6, 2010, the circuit court entered *inter alia* an Interlocutory Decree of Foreclosure in favor of Bismark and also a Judgement on the decree of foreclosure. Although the Pais could have appealed at this point, they did not file an appeal from the Judgment on the decree of foreclosure. See Hawaii Revised Statutes (HRS) § 667-51 (2013 Supp.).

The Property was sold to Bismark at a public auction on July 28, 2010. On August 2, 2010, Bismark filed a motion for confirmation of sale and for writ of possession. However, on September 8, 2010, the Pais filed a Notice of Bankruptcy Case Filing, advising the circuit court and Bismark that the Pais had filed for bankruptcy the day before, on September 7, 2010. Upon the Pais' filing for bankruptcy, the circuit court proceedings were automatically stayed. Bismark thereafter obtained relief from the automatic stay on November 30, 2010, which allowed Bismark to "exercise any rights and remedies under the applicable nonbankruptcy law with respect to the subject property[.]"

Subsequently, the Pais filed an opposition to Bismark's motion for confirmation of sale and for writ of possession. The Pais also filed a motion to set aside the stipulated settlement of the parties. On March 16, 2011, the circuit court *inter alia* confirmed the sale of the Property to Bismark, and also entered a Judgment confirming the sale to Bismark and for writ of possession. The Pais' subsequent attempts to stay the confirmation of sale and the writ of possession were denied. Between April 15, 2011 and June 7, 2011, the Pais filed their three notices of appeal.

Bismark contends in its answering brief that the Pais' debts were discharged in bankruptcy on May 10, 2011, which the Pais do not dispute in their reply brief.

3

## II.   The Pais Lack Standing in this Appeal

Whether a party has standing to appeal is a threshold matter.  "It is well-settled that courts must determine as a threshold matter whether they have jurisdiction to decide the issues presented.  If a party is found to lack standing, the court is without subject matter jurisdiction to determine the action."  Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, 113 Hawaiʻi 77, 94, 148 P.3d 1179, 1196 (2006) (internal citation omitted); see State v. Moniz, 69 Haw. 370, 373, 742 P.2d 373, 375 (1987) (holding that appellants were not aggrieved by the lower court's orders and thus lacked standing to appeal).

> Generally, the requirements of standing to appeal are: (1) the person must first have been a party to the action; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawaiʻi 176, 181, 145 P.3d 719, 724 (2006) (citation and emphasis omitted).  "[A]lthough lack of standing is raised by the defendant, the plaintiff bears the burden of establishing that he or she has standing."  Hawaii Med. Ass'n, 113 Hawaiʻi at 95, 148 P.3d at 1197; see Sierra Club v. Hawaii Tourism Auth., 100 Hawaiʻi 242, 250, 59 P.3d 877, 885 (2002) ("A plaintiff without standing is not entitled to invoke a court's jurisdiction.  Accordingly, Petitioner must establish its standing for this court to exercise jurisdiction over this case." (internal citations and quotation marks omitted)).

Bismark alleges that all of the Pais' claims are the property of the bankruptcy estate and thus the Pais lack standing in this appeal.

Subject to certain exemptions that are not relevant in this case, the Bankruptcy Code, United States Code (U.S.C.) chapter 11, section 541(a)(1) (2012) establishes that when a petitioner files a bankruptcy petition with the bankruptcy court, the bankruptcy estate that is thereby created includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. 541(a)(1) (emphasis added).

In <u>The Queen Emma Foundation v. Tatibouet</u>, 123 Hawai'i 500, 509, 236 P.3d 1236, 1245 (App. 2010), this court recognized that "[v]irtually all of a debtor's assets, including causes of action that belong to the debtor at the commencement of a bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." (Citing 11 U.S.C. § 541 (a)(1) (2006); <u>Turner v. Cook</u>, 362 F.3d 1219, 1225-26 (9th Cir. 2004)).  In <u>Turner</u>, the Ninth Circuit stated in unambiguous terms,

> [b]ecause [the appellant] has filed for bankruptcy . . . he is no longer a real party in interest in this matter and has no standing to pursue this appeal.  When Turner declared bankruptcy, all the "legal or equitable interests" he had in his property became the property of the bankruptcy estate and are represented by the bankruptcy trustee.  *See* 11 U.S.C. § 541(a)(1).  Causes of action are among such legal or equitable interests.

<u>Turner</u>, 362 F.3d at 1225-26; <u>see</u> <u>Rowland v. Novus Fin. Corp.</u>, 949 F. Supp. 1447, 1453-54 (D. Haw. 1996) (holding that plaintiff lacked standing to assert Truth in Lending Act claims because he filed for bankruptcy and the claim was the property of the bankruptcy estate, unless plaintiff could show the claim was exempt from the bankruptcy estate or abandoned by the bankruptcy trustee).

When the Pais filed for bankruptcy in September 2010, all of their legal and equitable interests, including any interests in the Property or any causes of action they had, became the property of the bankruptcy estate.  <u>See</u> 11 U.S.C. 541(a)(1).  The Pais have not asserted or provided any evidence in the record that the Property and/or their claims were exempt from the bankruptcy estate or were abandoned by the bankruptcy trustee.  In this circumstance, and where the record reflects the bankruptcy filing by the Pais, they have not met their burden to establish their standing to appeal because they have not demonstrated that they have been aggrieved by the circuit court's orders and Judgment from which they seek to appeal.  <u>See</u> <u>Hawaii Med. Ass'n</u>, 113 Hawai'i at 95, 148 P.3d at 1197; <u>Abaya</u>, 112 Hawai'i at 181, 145 P.3d at 724.  The Pais are not affected or prejudiced by the orders or Judgment from which they appeal

because they have no remaining interests in the Property or the purported claims. Any interests of the Pais in the Property or the claims related to the foreclosure proceedings became the property of the bankruptcy estate when the Pais filed their bankruptcy petition. See Rowland, 949 F. Supp. at 1453; Griffin v. Allstate Ins. Co., 920 F. Supp. 127, 130 (C.D. Cal. 1996) ("Because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the suits that belong to the estate.").

### III. Conclusion

Based on the foregoing, appellate case number CAAP-11-0000343 is dismissed for lack of subject matter jurisdiction because the Pais lack standing.

DATED: Honolulu, Hawai'i, May 16, 2014.

On the briefs:

Lisa U. Pai
Michael P. Pai
Defendants-Appellants Pro Se

Walter Beh, II
Lisa Strandman
(Rush Moore, LLP)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge